# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

RONALD M. McKINNEY, )
)
    Petitioner, ) C. C. A. NO. 02C01-9703-CR-00108
)
vs. ) SHELBY COUNTY
)
STATE OF TENNESSEE, ) No. P-16958
)
    Respondent. )

FILED

July 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

## O R D E R

    This matter is before the Court upon the state's motion requesting that the judgment in the above-styled cause be affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner filed a petition for post-conviction relief in the trial court on May 17, 1996, claiming that the guilty pleas he entered in 1980 were involuntary due to the ineffective assistance of his counsel. On August 6, 1996, the trial judge dismissed the petition, stating that the "petition is clearly barred by the current one year statute of limitations (T.C.A. § 40-30-202, effective May 10, 1995) as well as the former three year statute of limitations (T.C.A. § 40-30-102, effective July 1, 1986, repealed May 10, 1995)." We agree.

    Pursuant to T.C.A. § 40-30-202(a), a petitioner must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment became final. The Compiler's Notes to T.C.A. § 40-30-201 state that the 1995 Post-Conviction Act governs all petitions for post-conviction relief filed after May 10, 1995. Moreover, the Compiler's Notes indicate that any person having ground for relief recognized under this part shall have at least one year from May 10, 1995, to file a petition or a motion to reopen a petition under this part.

    Under T.C.A. § 40-30-202(b), a court does not have jurisdiction to

consider a petition for post-conviction relief if it was filed outside the one-year statute of limitation unless (1) the claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized at the time of trial, if retrospective application of that right is required, (2) the claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted, or (3) the claim in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid.

The judgments in this case became final in 1980, and the petitioner did not appeal. The petitioner filed the present petition for post-conviction relief on May 17, 1996. Accordingly, the petition is governed by the 1995 Post-Conviction Act, and it was filed outside the statute of limitation set forth in T.C.A. § 40-30-202(a).[1] Moreover, the petitioner has failed to show that any of his claims fall within one of the exceptions set forth in T.C.A. § 40-30-202(b).

It is, therefore, ORDERED that the state's motion to affirm the judgment of the trial court under Rule 20, Rules of the Court of Criminal Appeals, is granted, and the judgment of the trial court is affirmed.

Enter, this the ___ day of July, 1997.

_____
JOE G. RILEY, JUDGE

---

[1] The petitioner claims that he mailed his petition to the trial court before May 10, 1996. The petitioner is apparently suggesting that the petition was timely filed under the 1995 Act. This suggestion, however, is without merit. See, e.g., Johnson v. State, No. 02C01-9605-CR-00136 (Tenn. Crim. App., June 10, 1997); Daniels v. State, No. 03C01-9606-CC-00244 (Tenn. Crim. App., Feb. 27, 1997); Butler v. State, No. 02C01-9509-CR-00289 (Tenn. Crim. App., Dec. 2, 1996).

_____

JOE B. JONES, PRESIDING JUDGE

_____

PAUL G. SUMMERS, JUDGE